IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LYNN S. SASSAMAN,** | : | Civil No. 1:15-cv-01487 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **RUSHMORE LOAN** | : | |
| **MANAGEMENT SERVICES, LLC,** | : | |
| | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

In this civil action invoking federal question jurisdiction under 28 U.S.C. § 1337, Plaintiff brings claims for violations of the Fair Credit Reporting Act, the Pennsylvania Fair Credit Extension Uniformity Act, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and common law defamation. Presently before the court is Defendant Rushmore Loan Management Services LLC's Motion for Partial Summary Judgment as to Counts II and III of Plaintiff's complaint for violations of the Pennsylvania Fair Credit Extension Uniformity Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law. For the reasons stated herein, the motion will be granted.

**I.    Background**

In considering Defendant Rushmore Loan Management Services LLC's ("Rushmore") motion for partial summary judgment, the court relied on the uncontested facts, or where the facts were disputed, viewed the facts and deduced

all reasonable inferences therefrom in the light most favorable to Plaintiff as the nonmoving party in accordance with the relevant standard when deciding a motion for summary judgment. *See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 362 (3d Cir. 2008).

### A. Facts

Rushmore provided limited material facts in support of its motion for partial summary judgment, only citing to Plaintiff's complaint and its corresponding answer. (*See* Doc. 38.) Similarly, Plaintiff presented very few facts without any support from the record. (*See* Doc. 43-1.) In light of this and the fact that the issue before the court involves only a legal question, the court relies on the minimal facts provided by the parties and those set forth in Plaintiff's complaint.

On September 13, 2007, Plaintiff and her then-husband, Matthew Nalesnik, obtained a mortgage loan for real property located at 137 Doreen Drive, Hummelstown, Pennsylvania. (Doc. 1, ¶ 9; Doc. 38, ¶¶ 1-2.) On June 24, 2010, Plaintiff and Nalesnik were legally divorced. (Doc. 1, ¶ 10; Doc. 38, ¶ 3.) In 2015, Nalesnik executed a Trial Modification Agreement modifying the mortgage loan, to which Plaintiff was not a party. (Doc. 1, ¶¶ 11-12; Doc. 38, ¶¶ 4-5; Doc. 43-1, ¶¶ 1, 3.) Subsequently, Nalesnik defaulted on the mortgage loan, which was reported on Plaintiff's credit report. (Doc. 1, ¶¶ 16-17.) Plaintiff disputed this report but Rushmore notified her that the report was correct. (*Id.* at ¶¶ 18-22.)

Plaintiff alleges that the Trial Modification Agreement "changed the interest rate, original loan amount, and terms . . . without Plaintiff's agreement, signature, nor opportunity to deny the loan modification or request any alternative so as to avoid an adverse effect on her credit. This reporting create[ed] a misleading impression as to the Plaintiff's credit." (Doc. 43-1, ¶ 2.) She further alleges that Rushmore's action in "reporting false, misleading, and deceptive information" regarding Plaintiff's credit has caused her financial damage and other harm. (*Id.* at ¶¶ 4-6.)

B. **Procedural History**

Plaintiff initiated this action by filing a complaint on July 29, 2015 against Defendant Rushmore Loan Management Services, LLC as well as Experian Information Solutions, Inc. ("Experian), Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("Trans Union").[1] (Doc. 1.) In her complaint, Plaintiff asserts four causes of action against Rushmore for violations of the Fair Credit Reporting Act ("FCRA") (Count I), the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") (Count II), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count III), and a claim for common law defamation (Count IV). Plaintiff averred that following their divorce, Nalesnik executed mortgage loan modification documents with Rushmore. (Doc. 1

---

[1] By stipulations between Plaintiff and Equifax (Docs. 16-17), Trans Union (Docs. 32-33), and Experian (Docs. 34-35), the court dismissed each Defendant with prejudice on October 20, 2015, May 11, 2016, and July 11, 2016, respectively.

at ¶¶ 10-11.) Nalesnik subsequently defaulted on the loan, which Plaintiff alleges caused negative reporting on her credit report. (*Id.* at ¶¶ 16-17.) She disputed the accuracy of this information with Rushmore, leading Plaintiff to file this action. (*Id.* at ¶¶ 19.) Rushmore answered Plaintiff's complaint on August 31, 2015. (Doc. 15.)

On October 3, 2016, Rushmore filed a motion for partial summary judgment, brief in support, and statement of facts. (Docs. 36-38.) Plaintiff filed a response to Rushmore's motion and her own statement of facts on October 14, 2016, and a brief in opposition on October 17, 2016. (Docs. 41, 41 & 43.) Rushmore subsequently filed a reply brief on October 28, 2016. (Doc. 44.) Thus, Rushmore's motion for partial summary judgment has been fully briefed and is ripe for disposition.

## II. **Legal Standard**

Federal Rule of Civil Procedure 56 sets forth the standard and procedures for the grant of summary judgment. Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A factual dispute is "material" if it might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* Although the parties to this action have failed to properly support the minimal averments set forth in their statements of facts, the issue presented in Rushmore's motion is a clear question of law that the court may rule upon. *See* Fed. R. Civ. P. 56(e).

When evaluating a motion for summary judgment, a court "must view the facts in the light most favorable to the non-moving party" and draw all reasonable inferences in favor of the same. *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). The moving party bears the initial burden of demonstrating the absence of a disputed issued of material fact. *See Celotex*, 477 U.S. at 324. "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23.

## III. <u>Discussion</u>

Rushmore argues that Plaintiff's claims in Counts II and III of the complaint, for violations of the FCEUA and UTPCPL, fail as a matter of law because these claims are preempted by Section 1681t of the FCRA. (Doc. 37, p. 3-4.) Plaintiff fails to address this issue even though it is Rushmore's only argument. Instead, Plaintiff argues that she sufficiently pled causes of action under the FCEUA and UTPCPL. (Doc. 43, p. 6-13.)

The FCRA provides, in pertinent part: "No requirement or prohibition may be imposed under the laws of any state . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S. Code § 1681t(b)(1)(F). While the Third Circuit has not directly addressed whether this language preempts state statutory claims, several district courts have done so. Those courts have held that § 1681t(b)(1)(F) preempts state statutory claims such as those created by the FCEUA and UTPCPL. *See Prukala v. TD Bank USA*, Civ. No. 16-cv-0894, 2016 WL 6191912, *3-4 (M.D. Pa. Oct. 24, 2016); *Sites v. Nationstar Mortg. LLC*, 646 F. Supp. 2d 699, 708-09 (M.D. Pa. 2009); *Sassaman v. Nationstar Mortg., LLC*, Civ. No. 14-cv-1589, 2014 WL 6473798, *2-3 (M.D. Pa. Nov. 19, 2014); *Vullings v. Trans Union, LLC*, 115 F. Supp. 3d 538, 542 (E.D.

Pa. 2015); *Grossman v. Trans Union, LLC*, 992 F. Supp. 2d 495, 498-500 (E.D. Pa. 2014).

Plaintiff and her counsel initiated a nearly identical action to the matter at hand in 2014. *See Sassaman*, 2014 WL 647398 at *1. In *Sassaman v. Nationstar Mortgage, LLC*, Plaintiff alleged that she and Nalesnik mortgaged their home in 2007. *Id.* After the couple divorced in 2010, Plaintiff transferred ownership via a quitclaim deed to Nalesnik. *Id.* Nalesnik executed an agreement to modify the original mortgage, to which Plaintiff was not a party, and subsequently defaulted on the mortgage. *Id.* This default was reported on Plaintiff's credit report. *Id.* Plaintiff notified Defendant Nationstar Mortgage, LLC ("Nationstar") and the appropriate credit reporting agencies. *Id.*

Plaintiff filed a complaint in the Middle District of Pennsylvania after the defendants in *Sassaman* refused to remove the mortgage default from her credit report, alleging violations of the FCRA, FCEUA, and UTPCPL as well as a claim for common law defamation. *Id.* Nationstar filed a motion to dismiss arguing that the FCRA preempted Plaintiff's FCEUA, UTPCPL and common law defamation claims. *Id.* at *2. Consistent with other courts within the Third Circuit, the court held that § 1681t(b)(1)(F) preempted Plaintiff's FCEUA and UTPCPL claims and dismissed those counts of Plaintiff's complaint. *Id.* at *2-3. The court relied upon *Sites v. Nationstar Mortgage LLC* which interpreted the language of Section 1681t

7

as preempting state statutory claims. *Id.* at *3; *Sites*, 646 F. Supp. 2d at 712 ("[T]he Court adopts the statutory approach to reconciling § 1681t(b)(1)(F) and § 1681h(e) whereby the former section preempts only state statutory claims, while the latter section preempts only the state common-law claims enumerated therein.").

This court will follow the precedent set forth by its fellow district courts within the Third Circuit, including Plaintiff's previous action against Nationstar. The FCRA, specifically § 1681t(b)(1)(F), clearly preempts Plaintiff's claims under the FCEUA and UTPCPL. Therefore, Counts II and III of Plaintiff's complaint will be dismissed.

## IV. Conclusion

For the reasons stated herein, the court will grant Defendant Rushmore Loan Management Services, LLC's motion for partial summary judgment. An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: November 4, 2016