IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LYNN S. SASSAMAN** | : Civil No. 1:15-cv-1487 |
| **Plaintiff,** | : |
| v. | : |
| **RUSHMORE LOAN MANAGEMENT SERVICES, LLC** | : |
| **Defendant.** | : Judge Sylvia H. Rambo |

### M E M O R A N D U M

In this civil action, Plaintiff brings claims for violations of the Fair Credit Reporting Act and common law defamation arising from a mortgage loan modification. Presently before the court are four motions *in limine* filed by Defendant Rushmore Loan Management Services, LLC. The first motion seeks to prohibit Plaintiff from introducing evidence to support a claim for punitive damages. (Doc. 48.) Defendant's second motion seeks to exclude evidence and testimony related to events which occurred prior to Defendant servicing Plaintiff's loan. (Doc. 51.) The third motion requests the court to exclude evidence of Plaintiff's actual and out-of-pocket expenses. (Doc. 54.) Defendant's final motion seeks to exclude evidence relating to Plaintiff's alleged physical injuries. (Doc. 57.)

For the reasons that follow, the court will deny Defendant's motion to prohibit Plaintiff from introducing evidence to support a claim for punitive

damages (Doc. 48), grant Defendant's motion to exclude evidence and testimony of events which occurred prior to Defendant's servicing of the loan (Doc. 51), grant in part and deny in part Defendant's motion to exclude evidence of actual and out-of-pocket damages (Doc. 54), and deny Defendant's motion to exclude evidence relating to Plaintiff's alleged physical injuries (Doc. 57).[1]

## I.  Punitive Damages Evidence

In its first motion *in limine*, Defendant seeks to prohibit Plaintiff from introducing evidence to support a claim for punitive damages both for common law defamation and under the Fair Credit Reporting Act ("FCRA"). (Doc. 48.) In order to award punitive damages to a private party for a defamation claim, a plaintiff must prove by clear and convincing evidence that the defendant acted with "actual malice." *Bargerstock v. Wash. Greene Cmty. Action Corp.*, 580 A.2d 361, 366 (Pa. Super. Ct. 1990) (citing *Hepps v. Phila. Newspapers. Inc.*, 485 A.2d 374 (1984)). Defendant argues that Plaintiff has not produced any evidence suggesting that Defendant acted with actual malice in servicing her loan and reporting on her credit. (Doc. 48, p. 5.) Plaintiff does not address this argument, but avers that her defamation claim was dismissed.[2] (Doc. 67, p. 2.)

---

[1] The pertinent factual and procedural background of this case was recently provided in the court's November 4, 2016 memorandum and order. *Sassaman v. Rushmore Loan Mgmt. Servs., LLC*, Civ. No. 15-cv-1487, 2016 WL 6563665 (M.D. Pa. Nov. 4, 2016).

[2] Contrary to Plaintiff's belief, this court has not dismissed her defamation claim. In fact, Defendant has never argued that Plaintiff's defamation claim should be dismissed.

As to Plaintiff's FCRA claim, she may recover punitive damages for willful violations of the FCRA. 15 U.S.C. § 1681n(a)(2). A violation of the FCRA is willful where a defendant has acted either knowingly or recklessly. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56-60 (2007); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997). "[A] company subject to FCRA does not act in reckless disregard of unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco Ins. Co. of Am.*, 551 U.S. at 69. Defendant argues that by researching Plaintiff's allegation of inaccuracies on her credit report and confirming the information was accurate, it did not act knowingly or recklessly in violation of the FCRA. (Doc. 49, pp. 6-7.) Plaintiff asserts that Defendant acted knowingly and recklessly, but also argues that this is ultimately a question for the jury. (Doc. 68, pp. 4-7.)

The court will deny Defendant's motion. Plaintiff will have the opportunity to produce evidence at trial that she is entitled to recover punitive damages.

## II. **Evidence and Testimony of Events Which Occurred Prior to Defendant Servicing the Loan**

In its second motion *in limine*, Defendant seeks to exclude evidence and testimony of events which occurred prior to Defendant's servicing of the loan in 2015, arguing that those events are irrelevant and not related to Plaintiff's claims

against Defendant. (*See* Doc. 51.) Defendant notes that there are two events that occurred prior to 2015 that are relevant: "(1) on or about September 13, 2007, Plaintiff and her ex-husband, Matthew Nalesnik, took out a mortgage on a home located at 137 Doreen Drive, Hummelstown, Pennsylvania 17036; and (2) on or about June 24, 2010, Plaintiff was legally divorced from her ex husband." (Doc. 73, p. 2.)

Defendant relies on Federal Rules of Evidence 401, 402, and 403 in asserting that this irrelevant evidence and testimony would mislead the jury and unfairly prejudice Defendant. (*Id.* at 7-8.) Rule 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. This court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, Plaintiff has failed to set forth any cogent argument, nor made it clear to the court, why pre-2015 evidence is relevant to her claims against Defendant (Doc. 62). Rather, Plaintiff simply recounts the events that occurred prior to Defendant's servicing of the loan and contends that they are relevant. (Doc. 62, pp. 3-5.) The court agrees with Defendant that evidence and testimony regarding

events which occurred prior to Defendant's servicing of the loan in 2015 are not relevant to Plaintiff's case, could mislead the jury, and would prejudice Defendant. Thus, the court will grant Defendant's second motion *in limine* (Doc. 51) and prohibit Plaintiff from presenting evidence or testimony related to events which occurred prior to Defendant's servicing of the loan in 2015, with the exception of the following two facts: (1) on or about September 13, 2007, Plaintiff and her ex-husband, Matthew Nalesnik, took out a mortgage on a home located at 137 Doreen Drive, Hummelstown, Pennsylvania 17036; and (2) on or about June 24, 2010, Plaintiff was legally divorced from her ex-husband.

### III. Evidence of Actual Damages and Out-of-Pocket Expenses

Defendant argues in its third motion *in limine* that all evidence of actual and out-of-pocket expenses should be excluded. (Doc. 55.) Although Defendant sets forth several arguments in its brief regarding actual damages evidence, the crux of its argument is that Plaintiff has not provided any documentation or evidence to date, minus self-serving and unsubstantiated testimony, that establish actual damages such as injury to her credit rating, credit worthiness, or credit score. (Doc. 55, pp. 5-10.) Plaintiff argues that her emotional damages were demonstrated at her deposition, and will be proven at trial, and states that she suffered actual damages and serious financial harm. (Doc. 71, pp. 4-5.)

Because the court will deny Defendant's motion to exclude evidence of actual damages, Plaintiff will not be allowed to speculate regarding her damages, nor support her damages claims through self-serving testimony alone.

As to out-of-pocket expenses, Defendant argues that this type of expense is not compensable under the FCRA. (Doc. 55, pp. 10-11.) Plaintiff simply states that she has demonstrated out-of-pocket expenses, which are recoverable under the FCRA, but sets forth no case law or facts in support. (Doc. 71, pp. 5-6.) Out-of-pocket expenses such as postage fees, credit monitoring, printing and copying costs, mileage expended, and costs of notifying an agency or creditor that a report is inaccurate are not actual damages under the FCRA. *See Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995); *Campbell v. Experian Info. Solutions, Inc.*, Civ. No. 08-cv-4217, 2009 WL 3834125, *7 (W.D. Mo. Nov. 13, 2009); *Reed v. Experian Info. Solutions, Inc.*, 321 F. Supp. 2d 1109, 1115 (D. Minn. 2004). Accordingly, Defendant's motion to exclude evidence of out-of-pocket expenses will be granted.

### IV. Evidence Relating to Plaintiff's Alleged Physical Injuries

In its final motion *in limine*, Defendant seeks to exclude any testimony regarding Plaintiff's alleged chest pains, shortness of breath, or any other personal injuries resulting from Plaintiff's emotional distress allegedly caused by Defendant. (Doc. 58, pp. 4-7.) Defendant argues that this testimony goes beyond

the scope of lay opinion knowledge and requires a medical expert. (*Id.*) Plaintiff argues that lay persons are capable of understanding this evidence, which is not complex, and can draw the necessary inferences. (Doc. 65, pp. 3-4.)

The court does not believe that a medical expert is needed to understand Plaintiff's alleged physical symptoms, and her symptoms can be rationally based on Plaintiff's own perception. *See* Fed. R. Evid. 701. However, Plaintiff's testimony regarding her alleged physical injuries is subject to cross-examination. Thus, Defendant's motion *in limine* to exclude evidence of Plaintiff's alleged physical injuries will be denied.

## V.   Conclusion

Based on the foregoing reasons, the court will: (1) deny Defendant's motion *in limine* to exclude punitive damages evidence (Doc. 48); (2) grant Defendant's motion *in limine* prohibiting Plaintiff from presenting evidence or testimony of events which occurred prior to Defendant's servicing of the loan in 2015 with the exception of the following two facts: on or about September 13, 2007, Plaintiff and her ex-husband, Matthew Nalesnik, took out a mortgage on a home located at 137 Doreen Drive, Hummelstown, Pennsylvania 17036; and on or about June 24, 2010, Plaintiff was legally divorced from her ex-husband (Doc. 51); (3) deny Defendant's motion *in limine*, in part, to exclude evidence of actual damages, and grant, in part, to exclude evidence of out-of-pocket expenses (Doc. 54); and (4)

7

deny Defendant's motion *in limine* to exclude evidence of Plaintiff's alleged physical injuries (Doc. 57).

An appropriate order will issue.

s/Sylvia Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: December 15, 2016